IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM A. CHOWDHURY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2138-N |
| | § | |
| CARRINGTON MORTGAGE SERVICES LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Carrington Mortgage Services LLC's ("Carrington") motion for summary judgment [63] and Plaintiffs' motion for extension of time to respond [66]. The Court grants Plaintiffs' motion for extension of time. Because Carrington has negated essential elements of each claim, the Court grants summary judgment to Carrington on all of Plaintiffs' claims.

I. Origins of the Dispute

This case arises out of a loan issued to the Plaintiffs, Shamim A. Chowdhury and Liza Chowdhury, to purchase property located in Richardson, Texas. Def.'s App. 4–5 [65]. In December 2007, the Chowdhurys executed a deed of trust granting a lien against the property to Mortgage Electronic Registration Systems, Inc. ("MERS") to secure repayment of the $176,234.00 loan. *Id*. at 4, 57. The Chowdhurys refinanced their loan in 2009 through Countrywide Bank, FSB, and executed a deed of trust granting MERS a lien against the property. *Id*. at 5–9. MERS assigned its rights to Bank of America, N.A. in

2012, and Bank of America assigned the deed of trust to Carrington in 2015. *Id*. at 10–11, 13, 84, 88.

The Chowdhurys stopped making monthly mortgage payments when Carrington began servicing the loan. *Id*. at 308. Carrington contacted the Chowdhurys through multiple letters in 2015 offering options such as the FHA Home Affordable Modification Trial Plan. *Id*. at 234–35. The Chowdhurys made three payments through the Trial Plan and subsequently executed a subordinate deed of trust granting the Secretary of Housing and Urban Development ("HUD") a lien against the property in February 2016. *Id*. at 14, 134. Carrington and the Chowdhurys agreed to modify the loan in January 2016 to extend the maturity date and decrease the interest rate. *Id*. at 235.

However, the Chowdhurys once again fell behind on their loan payments. *Id*. at 24, 50, 308–309. Carrington sent its notice of intent to accelerate if the Chowdhurys failed to make their payments. *Id*. at 144. Carrington sent multiple letters in 2017 with information on how to address the missed payments, options to contact Carrington to resolve the matter, and information for HUD assistance programs. *Id*. at 236–237. In March 2017, Carrington referred the loan to loss mitigation. *Id*. at 237.

In May 2017, Carrington scheduled a foreclosure sale for August 2017. *Id*. at 239. The Chowdhurys filed for bankruptcy, and as a result, Carrington cancelled the sale and placed the loan on a bankruptcy hold. *Id*. at 239. After the Chowdhurys defaulted on their bankruptcy plan payments in December 2018, the court dismissed the bankruptcy. *Id*. at 436. Payments made by the Chowdhurys towards Carrington's claim did not cure the default, and Carrington resumed foreclosure efforts in June 2019. *Id*. at 239–40. In August

MEMORANDUM OPINION AND ORDER – PAGE 2

2019, the Chowdhurys filed this lawsuit asserting claims based on breach of contract and the Texas Fair Debt Collection Practices Act ("TDCA").  Carrington now seeks summary judgment on the Chowdhurys' claims.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return

MEMORANDUM OPINION AND ORDER – PAGE 3

a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)). The Court has no obligation to scour the record to discover ambiguities in the nonmoving party's favor or to point out potential problems with the moving party's proffered evidence. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996).

### III. THE COURT GRANTS SUMMARY JUDGMENT TO CARRINGTON ON THE CHOWDHURYS' BREACH OF CONTRACT CLAIMS

The Chowdhurys claim that the Deed of Trust ("Deed") expressly incorporates the HUD regulations,[1] and Carrington therefore breached the Deed by failing to comply with 22 C.F.R. § 203.604(b) (requiring the mortgagee to conduct "a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid"), 22 C.F.R. § 203.604(e)(2) (requiring the mortgagee to "inform the mortgagor of other available assistance"), and 22

---

[1] Because Carrington complied with the relevant HUD regulations, the Court does not analyze whether the Deed incorporated the HUD Regulations.

MEMORANDUM OPINION AND ORDER – PAGE 4

C.F.R. § 203.556(b) (requiring the mortgagee to "accept any partial payment and either apply it to the mortgagor's account or identify it with the mortgagor's account and hold it in a trust account pending disposition"). Furthermore, the Chowdhurys assert a violation of section 51.0075(e) of the Texas Property Code (requiring the notice of sale to include the name and street address for a trustee or substitute trustee).

### A. The Chowdhurys' Failure to Perform Undermines Their Claims

To recover on their claim for a breach of the Deed, the Chowdhurys must have performed or tendered performance as required by the Deed. *See Richardson v. Wells Fargo Bank, N.A.,* 873 F. Supp. 2d 800, 809–810 (N.D. Tex. 2012); *Del Rio Trejo v. Bank of Am., N.A.*, 2020 WL 982004, at *4 (N.D. Tex. 2020), report and recommendation adopted as modified, 2020 WL 980951 (N.D. Tex. 2020); *see also Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *5 (S.D. Tex. 2012) (holding that plaintiff's failure to perform her own obligations under a note and deed of trust precluded a breach of contract action for mortgagee's subsequent alleged failure to comply with HUD regulations).

The Chowdhurys have not performed their obligations under the Deed. Undisputed evidence shows that the Chowdhurys had not paid their past due monthly payments. Def.'s App. 34. Because the Chowdhurys have not performed their obligations, the Court grants summary judgment to Carrington on all of the Chowdhurys' breach of contract claims.

### B. In the Alternative, Carrington Did Not Breach the Contract

***1. Carrington complied with the face-to-face meeting requirement of 22 C.F.R. § 203.604(b).*** – After the Chowdhurys defaulted on the loan in February 2017, Carrington attempted to contact the Chowdhurys through multiple letters, phone calls, and in-person

MEMORANDUM OPINION AND ORDER – PAGE 5

site visits. Def.'s App. 236–239. The Chowdhurys never responded, and instead filed for bankruptcy. *Id*. at 386. When Carrington was informed of the Chowdhurys' bankruptcy filing in June 2017, Carrington paused its foreclosure efforts. *Id*. at 239. Carrington resumed foreclosure efforts after the Bankruptcy Court dismissed the Chowdhurys' bankruptcy in April 2019. *Id*. at 239–240, 436. Again, Carrington attempted to contact the Chowdhurys through further letters. *Id*. at 240. However, the Chowdhurys never responded and testified that they would not have agreed to any meetings with Carrington. *Id*. at 44. In light of Carrington's numerous attempts to contact the Chowdhurys and the Chowdhurys' unwillingness to cooperate, the Court holds that Carrington made reasonable efforts to arrange a face-to-face meeting. Accordingly, the Court grants summary judgment to Carrington on the Chowdhurys' 22 C.F.R. § 203.604(b) claim.

***2. Carrington complied with the requirement to provide information on other available assistance.*** – The Chowdhurys' claims under 22 C.F.R. § 203.604(e)(2) fail for two reasons. First, the provision applies only to "mortgages insured pursuant to section 248 of the National Housing Act," which in turn covers mortgages for indigenous Americans who wish to live on a reservation. *Johnson v. JPMorgan Chase Bank, N.A.*, 2013 WL 2554415, at *7 (E.D. Tex. 2013) (citing 12 U.S.C. § 1715z1–13; 24 C.F.R. § 203.43h; 22 C.F.R. § 203.604(e)(2)). The Chowdhurys are not indigenous Americans and do not own property on a reservation. Def.'s App. 242. Second, Carrington sent letters to the Chowdhurys with loss mitigation options in February 2017 and June 2019. *Id*. at 149, 187. These letters included information about alternate options available to the Chowdhurys, including the FHA Home Affordable Modification Trial Plan they had

MEMORANDUM OPINION AND ORDER – PAGE 6

previously entered in 2016.  *Id*. at 14, 134.  Accordingly, the Court finds that Carrington complied with 22 C.F.R. § 203.604(e)(2) and grants summary judgment to Carrington on the Chowdhurys' claim.

*3. Carrington did not reject partial payments in violation of 22 C.F.R. § 203.556(b).* – Section 203.556(b) requires mortgagees to accept partial payments.  But the payment history shows that Carrington did not reject any partial payments.  Def.'s App. 302–313.  The Chowdhurys cannot provide a date or amount related to the payment tendered, nor is this claim addressed within the Chowdhurys' response brief.  Therefore, the Court grants summary judgment to Carrington on the Chowdhurys' 22 C.F.R. § 203.556(b) claim.

*4. The Chowdhurys retain possession of the property at issue, precluding their claim under section 51.0075(e) of the Texas Property Code.* – The Chowdhurys allege that the notice of trustee's sale did not provide a street address for the substitute trustee as required by Texas law.[2]  Regardless of whether this allegation is factually true, the Chowdhurys cannot succeed on this claim because they remain in possession of the property, and Carrington withdrew the property from the foreclosure sale.  Def.'s App. 240.  Courts in the Fifth Circuit routinely dismiss claims related to violations of section 51.002 notice provisions when foreclosure has not occurred.  *See, e.g.*, *Ayers v. Aurora Loan Servs., LLC*, 787 F.Supp.2d 451, 454 (E.D. Tex. 2011) (dismissing claim for violations of section 51.002 of the Texas Property Code for failure to state a claim where

---

[2] The Court does not consider whether the Deed incorporates the Texas Property Code because the Chowdhurys' continued possession of the property precludes their claim.

MEMORANDUM OPINION AND ORDER – PAGE 7

"no foreclosure sale ha[d] occurred"); *Crucci v. Seterus, Inc.*, 2013 WL 6146040 at *3 (W.D. Tex. 2013) (dismissing claim for violation of section 51.002 of the Texas Property Code where foreclosure sale had not occurred). Accordingly, the Court grants summary judgment to Carrington on the Chowdhurys' section 51.0075(e) claim.

### IV. THE COURT GRANTS SUMMARY JUDGMENT ON THE TDCA CLAIMS

The Chowdhurys allege that Carrington violated section 392.304(a)(8) by noticing a foreclosure sale while failing to comply with HUD regulations and the Texas Property Code. Furthermore, the Chowdhurys claim that Carrington scheduled a foreclosure sale without a valid contractual right to foreclose in violation of section 392.301(a)(8).

#### A. Carrington Did Not Make an Affirmative False Statement

To violate the TDCA, Carrington must have "misrepresented the character, extent, or amount" of their debt in violation of section 392.304(a)(8). *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). The debt collector's misrepresentation must be affirmative. *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). The Chowdhurys point to the Notice of Substitute Trustee's Sale as the basis for their claim. But the omission of a street address from the notice could not have led the Chowdhurys to "think differently with respect to the character, extent, amount, or status of their debt." *Miller*, 726 F.3d at 723. Because Carrington did not make an affirmative false statement related to the debt, the Court grants summary judgment to Carrington on the TDCA claim.

### B.  *Carrington's Attempts to Foreclose Were Lawful*

To violate the TDCA, Carrington must have "threaten[ed] to take an action prohibited by law."  *See* TEX. FIN. CODE § 392.301(a)(8).  The Chowdhurys point to the scheduled foreclosure sale as the unlawful threatened action.  However, Carrington scheduled the foreclosure only after the Chowdhurys had failed to make multiple payments.  Def.'s App. 34.  It is undisputed that the Chowdhurys had defaulted on their mortgage.  *Id*. at 23–24, 314–15.  As such, Carrington did not violate section 392.301(a)(8) by scheduling the foreclosure sale.  *Wildy v. Wells Fargo Bank, NA*, 2012 WL 5987590, at *3 (N.D. Tex. 2012) (collecting cases supporting the proposition that foreclosure "is not an action prohibited by law when a plaintiff has defaulted on [plaintiff's] mortgage").  Therefore, the Court grants summary judgment to Carrington on the Chowdhurys' TDCA claims.

### V. THE COURT GRANTS CARRINGTON'S REQUEST FOR ATTORNEYS' FEES

Carrington requests reimbursement of its reasonable and necessary attorneys' fees in the amount of $122,217.50.  Def.'s Br. in Supp. of Summ. J. 33.  The Deed allows Carrington to collect reasonable attorneys' fees incurred while pursuing remedies under the Deed.  Def.'s App. 68, 71.  Texas law allows motions for recovery for attorneys' fees when allowed by language in mortgage contracts.  *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014).  Carrington's attorneys have provided a total amount of hours worked in relation to this case and the standard billing rate.  Def.'s App. 485.  The Court can discern no basis to reduce the amount requested.  Accordingly, the

Court awards Carrington $122,217.50 in attorneys' fees and deems it an additional debt secured by the Deed through the date of final summary judgment.

## CONCLUSION

Because Carrington has demonstrated that there is insufficient evidence to support essential elements of each of the Chowdhurys' claims, the Court grants Carrington's motion for summary judgment. The Court further grants Carrington's request for reimbursement of attorneys' fees in the amount of $122,217.50 as an additional debt secured by the Deed.

Signed November 1, 2022.

_____
David C. Godbey
Chief United States District Judge